ROBERTS STATE BANK, RESPONDENT, v. O'ROURKE, APPELLANT.

No. 8772

Submitted March 1, 1948.   Decided March 20, 1948.

191 Pac. (2d) 321.

Messrs. Wood, Cooke & Moulton, of Billings, for appellant.

Mr. R. G. Wiggenhorn and Mr. George J. Hutton, both of Billings, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

From a judgment for plaintiff on a jury's verdict the defendant O'Rourke appeals.

The action is by Roberts State Bank, plaintiff, against J. C. Denton and James S. O'Rourke, defendants, upon three past-due promissory notes dated in April and May, 1941, in the principal amounts of $750, $650 and $1,500, respectively, bearing interest after date at the rate of eight per cent. per annum. The last two notes provide for an attorney's fee in addition to other costs in case payment shall not be made at maturity. In his answer the defendant O'Rourke denies that he made, executed or delivered the notes and denies any knowledge or information sufficient to form a belief as to whether plaintiff is the owner and holder of the notes or as to whether any part thereof has been paid. Denton defaulted.

The only specification of error urged is that the evidence is insufficient to support either the judgment or the verdict against the defendant O'Rourke.

While the defendant O'Rourke denied that he signed any of the notes, such denial merely created a conflict in the evidence for the defendant Denton testified that O'Rourke did sign each note in Denton's presence and this testimony is corroborated by a handwriting expert who testified that the signatures upon the notes are the genuine signatures of the appellant O'Rourke.

The verdict shows that the jury believed Denton and the handwriting expert and that they did not believe the appellant. Since the jury are the exclusive judges of the credibility of the witnesses, sec. 10508, Rev. Codes of Montana 1935, in cases such as this, where there is ample substantial evidence to sustain the jury's verdict, this court may not properly disturb same nor the judgment based thereon. Accordingly the judgment is affirmed.

Associate Justices Choate, Gibson, Angstman and Metcalf concur.

Rehearing denied March 31, 1948.